Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/31/2024
CT Log Number 547669893

## Service of Process Transmittal Summary

**TO:** Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1411 OPUS PL STE 400
DOWNERS GROVE, IL 60515-1481

**RE:** **Process Served in Florida**

**FOR:** Costco Wholesale Corporation (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PATRICE EMERY // To: Costco Wholesale Corporation |
| **CASE #:** | 2024CA002769CAAXES |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/31/2024 at 12:11 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/31/2024, Expected Purge Date: 11/15/2024<br><br>Image SOP<br><br>Email Notification, Laura Aznavoorian laura_aznavoorian@gbtpa.com<br><br>Email Notification, Maureen Papier maureen_papier@gbtpa.com<br><br>Email Notification, Derek Snead dsnead@costco.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Oct 31, 2024
**Server Name:** Kimberly Urtnowski

| | |
|---|---|
| Entity Served | COSTCO WHOLESALE CORPORATION |
| Case Number | 2024CA002769CAAXES |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA CIVIL DIVISION**

10·31·24 @ 11:40Am
USPS 1493

PATRICE EMERY,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, and JANE DOE

Defendant.
___________________________________/

CASE NO.: 2024CA002769CAAXES

**SUMMONS**

THE STATE OF FLORIDA:

To each sheriff of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in the above styled cause upon the Defendant:

COSTCO WHOLESALE CORPORATION
c/o C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

Keven Leveille, Esquire
Morgan & Morgan Tampa P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
(813) 337-5083
kleveille@forthepeople.com
giulia.gourgue@forthepeople.com
tania.molina@forthepeople.com

within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

DATED on ________________________________.

2024CA002769CAAXES

As Clerk of the Court

October 25, 2024

Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
Deputy Clerk

*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the office of the Court Administrator (863) 534-4690, within two (2) working days of your receipt of this notice); if you are haring or voice impaired, call TDD (863) 534-7777 or Florida Relay Service 711.*

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint and 45 calendar days after this summons is served on you to file a written response to the attached production requests with the clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Keven Leveille, Esquire
Morgan & Morgan Tampa P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
(813) 337-5083
kleveille@forthepeople.com
giulia.gourgue@forthepeople.com
tania.molina@forthepeople.com

Filing # 209578252 E-Filed 10/25/2024 09:53:01 AM DIN: 3

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

PATRICE EMERY, CASE NO:

Plaintiff,

vs.

COSTCO WHOLESALE
CORPORATION, and JANE DOE

Defendant.

_________________________________ /

**COMPLAINT**

Plaintiff, PATRICE EMERY, by and through the undersigned counsel, hereby sues Defendant, COSTCO WHOLESALE CORPORATION, and JANE DOE , and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Venue is proper in this Court as the incident giving rise to this action occurred in Pasco County, Florida, and the Defendant, COSTCO WHOLESALE CORPORATION, at all times material hereto, conducted its business operations within County, Florida.

**PARTIES**

3. Plaintiff, PATRICE EMERY, is a natural person, and at all times material hereto, was and is residing in Pasco County, Florida.

4. Defendant, COSTCO WHOLESALE CORPORATION, at all material times hereto, was, and is, a licensed to do business in the State of Florida.

5. Defendant, JANE DOE, is a natural person, and at all times material hereto and upon information and belief, was and is residing in Pasco County, Florida.

**GENERAL ALLEGATIONS**

6. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 5 as if fully set forth herein.

7. Defendant, COSTCO WHOLESALE CORPORATION, at all material times hereto, was the owner and in possession and/or control of that certain business located at 2225 Grand Cypress Dr, Wesley Chapel, Pasco, FL (hereinafter "Premises"), open to business invitees and/or guests, including Plaintiff.

8. Defendant, JANE DOE , upon information and belief, was, at all times material hereto, employed by Defendant, COSTCO WHOLESALE CORPORATION, as the store manager of the Premises.

9. Defendants, COSTCO WHOLESALE CORPORATION, and JANE DOE, at all times material hereto, owed Plaintiff a non-delegable duty to maintain the Premises in a reasonably safe condition.

10. On or about January 25, 2024, Plaintiff lawfully enters said Premises as a business invitee and/or guest when, suddenly and without warning, she slipped and fell on grapes.

**COUNT I**
**CLAIM FOR NEGLIGENCE AGAINST DEFENDANT**
**COSTCO WHOLESALE CORPORATION**

11. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 10 as if fully set forth herein.

12. At said time and place, Defendant, COSTCO WHOLESALE CORPORATION, owed non-delegable duties to Plaintiff to keep and maintain the Premises in a reasonably safe condition.

13. Notwithstanding the aforesaid duties owed to Plaintiff, Defendant, COSTCO WHOLESALE CORPORATION, breached its duties by reason of the following separate and cumulative acts and omissions:

a. Negligently failing to maintain or adequately maintain the walkways of the Premises, thus creating a hazard to and unreasonably dangerous condition for members of the public utilizing said Premises, including Plaintiff;

b. Negligently creating a slip hazard to members of the public utilizing said Premises, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

c. Negligently failing to inspect or adequately inspect the walkways of the Premises, as specified above, to ascertain whether the walkways, which were poorly constructed and/or maintained, constituted a hazard to individuals and invitees utilizing said area, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

d. Negligently failing to warn or adequately warn Plaintiff of the danger of the Premises walkways when Defendant knew or through the exercise of reasonable care should

have known that said Premises walkways were unreasonably dangerous and that Plaintiff was unaware of same; and

e. Negligently failing to correct and/or adequately correct the unreasonably dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

14. As a direct and proximate result of the breach of the aforesaid duties and negligence by Defendant, COSTCO WHOLESALE CORPORATION, Plaintiff, who was lawfully on said Premises as a business invitee and/or guest, fell and sustained serious bodily injuries when, suddenly and without warning She stepped on smashed grapes slipped and fell.

15. As a direct and proximate result of the breach of the aforesaid duties and negligence by Defendant, COSTCO WHOLESALE CORPORATION, Plaintiff, who was lawfully on said Premises as a business invitee and/or guest, suffered serious bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expenses of hospitalization, medical, nursing and other health care treatment, and aggravation of a previously existing condition. These injuries are either permanent or continuing, and Plaintiff will suffer these losses and impairment in the future.

16. Wherefore, Plaintiff, PATRICE EMERY, sues and demands judgment for damages against Defendant, COSTCO WHOLESALE CORPORATION, costs of this action, trial by jury of all issues so triable, and for such other relief as the Court may deem just and proper.

**COUNT II**
**CLAIM FOR NEGLIGENCE AGAINST DEFENDANT AND JANE DOE**

17. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 10 as if fully set forth herein.

18. Defendant, JANE DOE, was, at all times material hereto, employed by DefendantCOSTCO WHOLESALE CORPORATION, as a store manager of the Premises and was directly responsible for maintaining, managing, and operating the subject store, including ensuring that the walkways were free of liquid spills, directing the response to spills when they did occur, ensuring that any safety mechanisms, such as floor drains, are functioning properly and as intended, and to maintain and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla 1st DCA 2006); *Orlovsky v. Solid Surf*, 405 S. 2d 1363, 1364 (Fla. 4th DCA 1981).

19. Defendant, JANE DOE , at all times material hereto, by virtue of their managerial position with Defendant, COSTCO WHOLESALE CORPORATION, owned Plaintiff a non-delegable duty to exercise care for Plaintiff's safety.

20. Defendant, JANE DOE, at all times material hereto, was directly responsible for executing Defendant, COSTCO WHOLESALE CORPORATION's previously described tortious conduct and, therefore, is personally liable to Plaintiff.

21. Notwithstanding the aforesaid duties owed to Plaintiff, EMERY PATRICE Defendant, JANE DOE , breached his duties to Plaintiff by reason of the following separate and cumulative acts and omissions:

a. Negligently failing to maintain or adequately maintain the of the Premises, thus creating a hazard to and unreasonably dangerous condition for members of the public utilizing said Premises, including Plaintiff;

b. Negligently creating a slip hazard to members of the public utilizing said Premises, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

c. Negligently failing to inspect or adequately inspect the of the Premises, as specified above, to ascertain whether the , which were poorly constructed and/or maintained,

constituted a hazard to individuals and invitees utilizing said area, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

d. Negligently failing to warn or adequately warn Plaintiff of the danger of the Premises when Defendant knew or through the exercise of reasonable care should have known that said Premises were unreasonably dangerous and that Plaintiff was unaware of same; and

e. Negligently failing to correct and/or adequately correct the unreasonably dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

22. As a direct and proximate result of the breach of the aforesaid duties and negligence by Defendant, JANE DOE, Plaintiff, who was lawfully on said Premises as a business invitee and/or guest, fell and sustained serious bodily injuries when, suddenly and without warning, She stepped on smashed grapes slipped and fell.

23. As a direct and proximate result of the breach of the aforesaid duties and negligence by Defendant, JANE DOE , Plaintiff, who was lawfully on said Premises as a business invitee and/or guest, suffered serious bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expenses of hospitalization, medical, nursing and other health care treatment, and aggravation of a previously existing condition. These injuries are either permanent or continuing, and Plaintiff will suffer these losses and impairment in the future.

24. Wherefore, Plaintiff, PATRICE EMERY, sues and demands judgment for damages against Defendant, JANE DOE , costs of this action, trial by jury of all issues so triable, and for such other relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Pinellas County via the Florida e-service portal which shall serve copies to all counsel of record on this 25TH day of October 2024

*/s/ Keven Leveille*
Keven Leveille, Esquire
Florida Bar #:102719
Morgan & Morgan Tampa P.A.
201 N. Franklin Street 7th Floor
Tampa, FL 33602
Tele: (813) 337 5083
Fax: (813) 337-5098
kleveille@forthepeople.com
giulia.gourgue@forthepeople.com
tania.molina@forthepeople.com
Attorney for Plaintiff